IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Leon Schacher, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 14 C 8382 |
| Diverse Funding Associates, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Leon Schacher, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Leon Schacher ("Schacher"), is a citizen of the State of Colorado, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for an HSBC account, despite the fact that he had exercised his rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Diverse Funding Associates, LLC ("Diverse"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Diverse operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Diverse was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Diverse is a bad debt buyer, that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant Diverse is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Diverse conducts business in Illinois.

7. Moreover, Defendant Diverse is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Diverse act as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Mr. Schacher is a senior citizen, with limited assets and income, who on or before June, 2008, fell behind on paying his bills, including a debt he allegedly owed for an HSBC account. At some point in time after that debt became delinquent, another bad debt buyer/debt collector, First Financial Asset Management ("FFAM") bought/obtained Mr. Schacher's alleged HSBC debt. When FFAM began trying to

collect the HSBC debt from Mr. Schacher, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant's collection actions.

9. Specifically, FFAM had its attorneys, Farrell & Seldin, demand payment of the HSBC debt from Mr. Schacher, which did so by sending him a collection letters dated December 7, 8 and 27, 2011. Copies of these collection letters are attached as Group Exhibit C.

10. On February 5, 2012, one of Mr. Schacher's attorneys at LASPD informed FFAM, through its collection attorneys, that Mr. Schacher was represented by counsel, and directed FFAM to cease contacting him, and to cease all further collection activities because Mr. Schacher was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. The effect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop. Nonetheless, Defendant Diverse then bought/obtained Mr. Schacher's alleged HSBC account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Mr. Schacher, and had National Recovery Solutions send Mr. Schacher a collection letter dated July 9, 2014, demanding payment of the HSBC debt. A copy of this collection letter is attached as Exhibit E.

12. Moreover, Defendant knew, or should have known, that there was a problem with the debt at issue due to the age of the portfolio of the debts that included

Plaintiff's alleged debt. In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon

13. Moreover, this debt is also time-barred by the relevant statute of limitation for Plaintiff in the State of Colorado (6 years) for the collection of credit card debts.

14. Accordingly, on August 4, 2014, Mr. Schacher's LASPD attorneys had to send Defendant a letter directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Plaintiff's agent/attorney, LASPD, told Defendant, through its predecessor-in-interest, to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

4

20.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendant knew, or readily could have known, that Plaintiff was represented by counsel in connection with his debt because his attorneys at LASPD had given notice in writing, to Defendant's predecessor-in-interest, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff a collection letter, despite being advised that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

24.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e(5) Of The FDCPA –
### Threatening/Taking Actions That Can Not Be Legally Taken

25.     Plaintiff adopts and realleges ¶¶ 1-16.

26.     Section 1692e(5) of the FDCPA prohibits debt collectors from threatening

to take actions that cannot legally be taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5).

27. Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA. See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

28. By demanding payment of a time-barred debt, Defendant took, or threatened to take, an action that it could not legally take and/or otherwise made deceptive or misleading statements, in violation of § 1692e of the FDCPA.

29. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

30. Plaintiff adopts and realleges ¶¶ 1-16.

32. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

33. Defendant, by writing to Mr. Schacher to demand payment of a time-barred debt, which debt he had also refused to pay, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

34. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT V
### Violation Of § 1692d Of The FDCPA --
### Harassment Or Abuse

35. Plaintiff adopts and realleges ¶¶ 1-16.

36. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, see, 15 U.S.C. § 1692d.

37. Defendant, by writing Mr. Schacher to demand payment of a time-barred debt, which he had also refused to pay, and as to which he was represented by counsel, engaged in conduct, the natural consequence of which is to harass, oppress or abuse her, in violation of § 1692d of the FDCPA.

38. Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Leon Schacher, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Schacher, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Leon Schacher, demands trial by jury.

        Leon Schacher,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: October 24, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com